# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| AMOS PERDUE and | ) | |
| TERRY PERDUE, | ) | No. 13 B 33868 |
| | ) | |
| Debtors. ) | | Judge Goldgar |

## FINAL PRETRIAL ORDER

This matter is set for hearing at the United States Courthouse, 219 South Dearborn Street, Courtroom 642, Chicago, Illinois, on October 6, 2014, at 1:30 p.m. on the motion of the debtors to determine the value of real property at 5112 S. Doodlawn, Chicago, Illinois, and the amount of the creditor's secured claim. (Dkt. No. 114). At the court's discretion, the hearing will continue from day to day until completed. Unless modified by the court, the following provisions will govern the course of proceedings:

**1. Continuances.** The hearing date is firm. No continuance of the hearing date will be granted other than for exceptionally good cause shown. Any motion for continuance must be presented, with proper notice, at least fourteen (14) days before the hearing date.

**2. Discovery.** No party has expressed a desire to take discovery. Discovery is closed.

**3. Response to the Motion.** The creditor may file a written response to the motion. Any response is due on or before September 22, 2014.

**4. Pleadings and Dispositive Motions.** No party has expressed a desire to file any potentially dispositive motions. No such motion swill be entertained.

**5. Exhibits and Exhibit Lists.** Twenty-one (21) days before the hearing date, each party must exchange with the other parties (a) copies of all exhibits the party intends to introduce into evidence and (b) a list of the party's exhibits. Each proposed exhibit must be clearly numbered (not designated with a letter or other symbol) in the order of its probable presentation at the hearing. Each document must be given a separate exhibit number. Next to each exhibit on the exhibit list a brief description of the exhibit must be provided.

Demonstrative exhibits that the parties intend to use at the hearing must also be marked, included on the exhibit lists, and exchanged twenty-one (21) days

before the hearing date.

Each party must file its exhibit list (*but not the exhibits themselves*) with the court and must deliver to chambers on the filing date one (1) set of the exhibits and one (1) copy of the exhibit list. *If a party lists more than ten (10) exhibits, the exhibits themselves must be submitted in one or more three-ring binders, and the exhibits must be tabbed.* Group exhibits must be sequentially paginated by Bates stamp or some comparable method.

If no written objection to an exhibit is filed with the court and tendered to the proponent within seven (7) days of the receipt of the proposed exhibit, the exhibit will be deemed admitted into evidence. A specific ground must be stated for each objection or the objection will be deemed waived.

Demonstrative exhibits will be deemed admitted as "demonstrative only."

**6. Witnesses and Witness Lists.** Twenty-one (21) days before the hearing date, each party must exchange with the other parties, and must file with the court, a list of all witnesses the party intends to call at the hearing, together with a brief description of the subject matter of the witness's testimony.

One (1) copy of the witness list must be submitted to chambers on the filing date.

**7. Joint List of Stipulated Facts.** To the extent reasonably possible, the parties must stipulate to facts and documents. Twenty-one (21) days before the hearing date, the parties must file with the court a joint list, signed by counsel, stating all facts and documents to which the parties have stipulated. The stipulations are deemed admitted into evidence.

**8. Depositions.**

**a. Transcribed depositions.** If deposition transcripts are to be read into evidence, twenty-eight (28) days before the hearing the parties must file with the court and serve on all other parties a list of the depositions, designating by page and line number the portions to be read. A list of counterdesignations by page and line number, and any evidentiary objections to the initial designations, must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the deposition transcripts showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before the

hearing.

**b. Video depositions.** No video deposition may be used at the hearing unless a written transcript of the deposition has also been prepared. *See* Fed. R. Civ. P. 32(c) (made applicable by Fed. R. Bankr. P. 7032).

If a party proposes to use a video deposition at the hearing, twenty-eight (28) days before the hearing the party must file with the court and serve on all other parties a list of the video depositions, designating by page and line number of the written transcript the portions to be shown at the hearing. A list of counterdesignations by page and line number, and any evidentiary objections, to the initial designations must be filed and served seven (7) days later. Evidentiary objections to the counterdesignations must be filed and served seven (7) days after that.

Complete copies of the written transcripts of the video depositions showing the designated and counterdesignated testimony (designated testimony highlighted in yellow, counterdesignated testimony highlighted in pink or some other contrasting color), along with copies of evidentiary objections to any designated or counterdesignated deposition testimony, must be submitted to chambers seven (7) days before the hearing.

The party proposing to offer video deposition testimony at the hearing must supply all equipment necessary to show the video testimony and must be prepared to operate the equipment at the hearing.

**9. <u>Trial Briefs.</u>** Other than the creditor's response to the motion, no trial briefs should be filed.

**10. <u>Compliance with this Order</u>.** Failure to comply with this Order *will* result in the imposition of appropriate sanctions pursuant to Rule 16(f), Fed. R. Civ. P. 16(f) (made applicable by Fed. R. Bankr. R. Rule 7016). These include, but are not limited to, the following:

    **a.**    Any exhibit not listed and exchanged in accordance with this Order will not be admitted into evidence. A party who fails to exchange and file the list of exhibits that this Order requires will be precluded from introducing any exhibits into evidence. *In re Maurice,* 21 F.3d 767 (7th Cir. 1994).

    **b.**    Any witness not identified and listed in accordance with this Order will be barred from testifying at the hearing. A party who fails to exchange and file with the court the list of witnesses that this Order requires will be barred from presenting any witnesses. *In re Maurice,*

21 F.3d 767 (7th Cir. 1994).

Dated:   August 27, 2014

_____
A. Benjamin Goldgar
United States Bankruptcy Judge